**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**RUBEN DARIO OZUNA LOPEZ,**

**PLAINTIFF,**

**VS.** **CV NO.:**

**B.J. Concessions LLC, M & J Amusement, Inc., Monica's Concessions LLC, and Monica Broadus,**

**DEFENDANTS.** **JURY TRIAL DEMANDED**

# COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II. PARTIES

2. Plaintiff, Ruben Dario Ozuna Lopez, (hereinafter "Plaintiff") is a resident of Mobile, Mobile County, Alabama, and performed work for the Defendant in the counties composing the Southern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant B.J. Concessions LLC, ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4. Defendant M&J Amusements, Inc., ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

5. Defendant Monica's Concessions LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

6. Defendant Monica Broadus (hereinafter "Defendant"), is an individual and resident of Mobile, Mobile County, Alabama.

7. Defendant Broadus is the owner, in whole or in part, of B.J. Concessions LLC, and she supervised the day-to-day operations of Defendant B.J. Concessions, LLC.

8. Defendant Broadus is the owner, in whole or in part, of M&J Amusements, Inc, and she supervised the day-to-day operations of Defendant M&J Amusements, Inc.

9. Defendant Broadus is the owner, in whole or in part, of Monica's Concessions, LLC, and she supervised the day-to-day operations of Defendant Monica's Concessions, LLC.

## III. STATEMENT OF FACTS

10. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-9 above.

11. Defendant Monica Broadus hired Plaintiff on or about July 14, 2025.

12. Defendant Broadus assigned Plaintiff to work for the various corporate Defendants.

13. Defendants employed Plaintiff as a cook and concession stand operator.

14. Defendants directed Plaintiff and other employees to travel with the concession stand to various locations around the United States wherein the

concession stands provided food and beverages for sale to the general public; such sales occurred at public gatherings like county and state fairs in addition to festivals or sporting events that occurred on weekends.

15. During Plaintiff's employment with Defendants, Defendant Broadus directed Plaintiff and the other employees to travel to the various locations, including, but not limited to, Ohio, Illinois, Indiana, Florida, Tennessee, Mississippi, Georgia, and Alabama.

16. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

17. During the two years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a work week for various work weeks during the two-year period.

18. Defendants paid Plaintiff a daily rate of $85.00 per day, but no more than $600.00 per week.

19. Throughout Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff overtime premium compensation.

20. During the workweek ending on July 20, 2025, Plaintiff worked seventy-nine and one-half (79.5) hours for the benefit of Defendants.

21. During the workweek ending on July 27, 2025, Plaintiff worked eighty-five (85.0) hours for the benefit of Defendants.

22. During the workweek ending on August 3, 2025, Plaintiff worked ninety-nine and one-half (99.5) hours for the benefit of Defendants.

23. During the workweek ending on August 10, 2025, Plaintiff worked one-hundred seven and one-half (107.5) hours for the benefit of Defendants.

24. During the workweek ending on August 17, 2025, Plaintiff worked one-hundred fourteen (114.0) hours for the benefit of Defendants.

25. During the workweek ending on August 24, 2025, Plaintiff worked seventeen and one-half (17.5) hours with all such labor occurring on a single day for the benefit of Defendants.

26. During the workweek ending on August 31, 2025, Plaintiff worked one-hundred twelve and one-half (112.5) hours for the benefit of Defendants.

27. During the workweek ending on September 7, 2025, Plaintiff worked seventy-five and one-half (75.5) hours for the benefit of Defendants.

28. During the workweek ending on September 14, 2025, Plaintiff worked one-hundred twenty-five (125.0) hours for the benefit of Defendants.

29. During the workweek ending on September 21, 2025, Plaintiff worked seventy-eight (78.0) hours for the benefit of Defendants.

30. During the workweek ending on September 28, 2025, Plaintiff worked eighty-five (85.0) hours for the benefit of Defendants.

31. During the workweek ending on October 5, 2025, Plaintiff worked ninety (90.0) hours for the benefit of Defendants.

32. During the workweek ending on October 12, 2025, Plaintiff worked eighty-six (86.0) hours for the benefit of Defendants.

33. During the workweek ending on October 19, 2025, Plaintiff worked ninety-five (95.0) hours for the benefit of Defendants.

34. During the workweek ending on October 26, 2025, Plaintiff worked one-hundred and two (102.0) hours for the benefit of Defendants.

35. During the workweek ending on November 2, 2025, Plaintiff worked eighty-nine (89.0) hours for the benefit of Defendants.

36. During the workweek ending on November 9, 2025, Plaintiff worked one-hundred seven (107.0) hours for the benefit of Defendants.

37. During the workweek ending on November 16, 2025, Plaintiff worked one-hundred two (102.0) hours for the benefit of Defendants.

38. During the workweek ending on November 23, 2025, Plaintiff worked sixty-two (62.0) hours for the benefit of Defendants.

39. During the workweek ending on November 30, 2025, Plaintiff worked sixty-eight (68.0) hours for the benefit of Defendants.

40. During the workweek ending on December 7, 2025, Plaintiff worked eighty (80.0) hours for the benefit of Defendants.

41. During the workweek ending on December 14, 2025, Plaintiff worked sixty-eight (68.0) hours for the benefit of Defendants.

42. During the workweek ending on December 21, 2025, Plaintiff worked forty-one (41) hours for the benefit of Defendants.

43. Defendants did not operate for the workweek ending on December 28, 2025.

44. Defendants did not operate for the workweek ending on January 4, 2026.

45. During the workweek ending on January 11, 2026, Plaintiff worked eighty-four (84.0) hour for the benefit of Defendants.

46. During the workweek ending on January 18, 2026, Plaintiff worked sixty-five (65.0) hours for the benefit of Defendants.

47. During the workweek ending on January 25, 2026, Plaintiff worked seventy-five (75.0) hours for the benefit of Defendants.

48. During the workweek ending on February 1, 2026, Plaintiff worked seventy-seven (77.0) hours for the benefit of Defendants.

49. During the workweek ending on February 8, 2026, Plaintiff worked ninety-one (91.0) hours for the benefit of Defendants.

50. During the workweek ending on February 15, 2026, Plaintiff worked sixty-eight (68.0) hours for the benefit of Defendants.

51. During the workweek ending on February 22 2026, Plaintiff worked fifty-two (52.0) hours for the benefit of Defendants.

52. During the workweek ending on March 1, 2026, Plaintiff worked eighty-nine and one-half (89.5) hours for the benefit of Defendants.

53. During the workweek ending on March 8, 2026, Plaintiff worked seventy-eight (78.0) hours for the benefit of Defendants.

54. During the workweek ending on March 15, 2026, Plaintiff worked eighty (80.0) hours for the benefit of Defendants.

55. Defendant Monica Broadus terminated Plaintiff's employment on March 14, 2026.

56. On March 14, 2026, Defendant Broadus objected to Plaintiff taking a five-minute break while working outside in high temperatures.

57. In response to Defendant Broadus' objection to Plaintiff's taking a break, Plaintiff stated that he was working without overtime compensation and that the law permitted a paid break.

58. In response to Plaintiff's assertion of his FLSA rights, Defendant Monica Broadus terminated Plaintiff's employment with Defendants.

59. During Plaintiff's employment with Defendants, Defendants never issued Plaintiff any tax reporting documents such as a W-2 or 1099.

60. During Plaintiff's employment with Defendants, Defendants never required Plaintiff, or any other employee, to record his or her time worked with a time clock or time reporting software.

## IV. COUNT ONE – FLSA – Overtime Violations

61. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-60 above.

62. During the three years preceding the filing of this Complaint, Defendant B&J Concessions LLC, was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

63. During the three years preceding the filing of this Complaint, Defendant B&J Concessions LLC, has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

64. At all times relevant to this action, Defendant B&J Concessions LLC, was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

65. During the three years preceding the filing of this Complaint, Defendant M&J Amusements, Inc., was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

66. During the three years preceding the filing of this Complaint, Defendant M&J Amusements, Inc., has been a company wherein two or more employees,

including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

67. At all times relevant to this action, Defendant M&J Amusements, Inc., was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

68. During the three years preceding the filing of this Complaint, Defendant Monica's Concessions LLC, is an enterprise engaged was commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

69. During the three years preceding the filing of this Complaint, Defendant Monica's Concessions LLC, has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

70. At all times relevant to this action, Defendant Monica's Concessions LLC, was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

71. Defendant B&J Concessions LLC's gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 for the quarters ending on June 30, 2025, September 30, 2025, December 31, 2025, and March 31, 2026.

72. Defendant M&J Amusements, Inc.'s gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 for the quarters ending on June 30, 2025, September 30, 2025, December 31, 2025, and March 31, 2026.

73. Defendant Monica's Concessions LLC's gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 for the quarters ending on June 30, 2025, September 30, 2025, December 31, 2025, and March 31, 2026.

74. Defendants B&J Concessions LLC, M&J Amusements Inc., and Moncia's Concessions, LLC's combined gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 for the quarters ending on June 30, 2025, September 30, 2025, December 31, 2025, and March 31, 2026.

75. Defendants B&J Concessions LLC, M&J Amusements Inc., and Moncia's Concessions, LLC's are operated by Defendant Monica Broadus.

76. Defendants B&J Concessions LLC, M&J Amusements Inc., and Monica's Concessions, LLC's are an integrated enterprise that enjoy common ownership with Monica Broadus and her family.

77. Defendants B&J Concessions LLC, M&J Amusements Inc., and Moncia's Concessions, LLC's are an integrated enterprise that utilize common marketing tools, commons branding, a common website, and common vendors for outside purchases and services such as food produce as well as legal and accounting support.

78. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant B&J Concessions LLC as defined by 29 U.S.C. § 203(e)(1).

79. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant M&J Amusements, Inc., as defined by 29 U.S.C. § 203(e)(1).

80. During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant Monica's Concessions LLC as defined by 29 U.S.C. § 203(e)(1).

81. Plaintiff and all similarly situated [positions] employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, traveling to Defendants' client locations, purchasing food that traveled through interstate commerce, cooking food that traveling through interstate commerce, and re-selling food to customers, as well as selling products that originated out of state or outside of the United States, and processing credit card and debit card transactions through communications that crossed state lines.

82. During the three years preceding the filing of this Complaint, Plaintiff's worked in excess of forty hours for a work week for the benefit of Defendants.

83. Defendant failed to pay Plaintiff for all hours worked overtime premium in excess of forty hours in a work week.

84. As the result of Defendants' violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. COUNT TWO – FLSA – Unpaid Minimum Wage

85. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-84 above.

86. During the three years preceding the filing of this complaint, Defendants failed to pay Plaintiff minimum wage in one or more weeks wherein his regular rate of pay fell below the mandatory minimum wage of $7.25 per hour.

87. Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours he worked.

88. As a result of Defendant's pay practices, Plaintiff seeks recovery of his wages such that he be paid the minimum wage for all hours worked.

## VI. COUNT THREE - FLSA RETALIATION (TERMINATION)

89. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-88 above.

90. Defendant intentionally violated the FLSA by failing to pay Plaintiff the minimum wage for some work weeks and overtime premium for hours worked in excess of forty for all but three of his workweeks of employment.

91. Defendant Monica Broadus terminated Plaintiff's employment on March 14, 2026.

92. On March 14, 2026, Defendant Broadus objected to Plaintiff taking a five-minute break while working outside in high temperatures.

93. In response to Defendant Broadus' objection to Plaintiff's taking a break, Plaintiff stated that he was working without overtime compensation and that the law permitted a paid break.

94. In response to Plaintiff's assertion of his FLSA rights, Defendant Monica Broadus terminated Plaintiff's employment with Defendants.

95. Defendant Broadus's actions in terminating Plaintiff's employment with the other corporate entity Defendants violated the FLSA's anti-retaliation statute.

96. Because of Defendants' willful and intentional violation of the FLSA's anti-retaliation statute, Plaintiff has suffered loss of pay, benefits, and other compensatory damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. As to Counts I and II, award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. As to Count III, award Plaintiff back pay, together with employment benefits, front pay, compensatory damages; special damages; nominal damages;

D. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

E. For such other and further relief as this Court deems equitable, proper and just.

Allen D. Arnold

Whitney Morgan Brown

**OF COUNSEL**:
ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Mountain Brook, AL 35223
T: (205) 252-1550
F: (205) 469-7163
ada@allenarnodlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANTS ADDRESSES:**
B.J. Concessions LLC
c/o William Rice
7669 Avenue D
Mobile, AL 36608

M & J Amusement, Inc
c/o Bert P. Noojin
250 Congress Street
Mobile, AL 36652

Monica's Concessions LLC
c/o Monica Broadus
7669 Avenue D
Mobile, AL 36608

Monica Broadus
7669 Avenue D
Mobile, AL 36608